IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

05/27/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

REBEL R.,[1]                                )
    Plaintiff,                          )
                           )
v.                                          )   Civil Action No. 5:22-cv-00052
                           )
COMMISSIONER OF                             )   By: Elizabeth K. Dillon
SOCIAL SECURITY ADMINISTRATION,             )       Chief United States District Judge
    Defendant.                          )

## MEMORANDUM OPINION AND ORDER

Pending before the court, is plaintiff Rebel R.'s ("Rebel") motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq*., seeking $51,732.25.  (Dkt. No. 22.)  Defendant, Commissioner of the Social Security Administration ("Commissioner"), filed a response in opposition, arguing that the petition should be denied, as it is deficient in several respects.  (Dkt. No. 26.)  Because Rebel's EAJA attorney fee petition is untimely, the motion will be denied.

## I.  BACKGROUND

On September 14, 2022, Rebel brought this action for review of the Commissioner's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.  (Compl., Dkt. No. 1.)  Magistrate Judge Joel C. Hoppe issued a Report and Recommendation on November 3, 2023 (Dkt. No. 20), which District Judge Michael F. Urbanski adopted, with modifications, on December 13, 2023 (Dkt. No. 21).[2]  The court reversed the Commissioner's decision denying Rebel disability benefits, found Rebel to be

---

[1]  Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2]  The court's order was signed on December 13, 2023, but was not entered until December 14, 2023.  (*See* Dk. No. 21.)

disabled, and remanded the case to the Commissioner for an award of benefits.  (*Id.*)  In a subsequent order, Judge Urbanski clarified that the Commissioner was to determine the award amount of Rebel's past-due benefits and the amount of benefits to which she was entitled to going forward, in a manner consistent with the Social Security Act and regulations.  (Dkt. No. 28.)

On November 22, 2024, nearly one year after Judge Urbanski adopted the Report and Recommendation, Rebel filed the pending motion for attorney fees under the EAJA, seeking $51,732.25 based on 270 hours of work performed by her attorney, Bradley G. Pollack, throughout the course of her disability benefit proceedings.  (Dkt. No. 22.)  Rebel's case involved a lengthy and arduous administrative and legal process that began with her initial application for benefits in April 2010 and continued through 2024.  That process included two remands—one by a federal district court and another by the Social Security Appeals Counsel— as well as three hearings before an administrative law judge.  (*See* Dkt. No. 21 (detailing the "long and tortured administrative and legal process").)

The Commissioner opposes the EAJA attorney fees petition on several grounds.  First, he argues that the petition is untimely because it was filed after the statutory deadline prescribed by the EAJA.  Second, the Commissioner contends that the petition improperly seeks compensation for services performed during the underlying administrative proceedings before the Social Security Administration.  Third, he argues that the requested fees are unreasonable because the petition fails to itemize the legal services rendered by Pollack, includes work performed during years outside the scope of any compensable EAJA award, includes time billed while Pollack was suspended from the practice of law in the Commonwealth of Virginia, and is otherwise excessive in light of the limited work performed in this appeal.  (*See generally* Dkt. No. 26.)  The Commissioner argues that the EAJA attorney fee petition can relate only to work performed in

2

the appeal before this court, in which Pollack submitted just a three-page brief that, according to the Commissioner, "made no discernible legal arguments and contained no citations to the record, caselaw, the Social Security Act [], or the regulations." (*Id.* at 1.) As such, the Commissioner asks the court to deny the petition in its entirety.

Judge Urbanski reassigned this case to the undersigned on October 1, 2025, with the pending motion for EAJA attorney fees still undecided.[3] (Dkt. No. 29.)

## II.  LEGAL STANDARD

Under the EAJA, courts are directed to award costs and attorney fees to a "prevailing party . . .  in any civil action . . . , including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant is a prevailing party in a Social Security appeal if the case is remanded under sentence four of 42 U.S.C. § 405(g).[4] *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (holding that a sentence four remand order conveys prevailing party status).

A prevailing party seeking attorney fees under the EAJA, shall:

> within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is

---

[3] The court's order was signed on October 1, 2025, but was not entered until October 3, 2025.  (*See* Dk. No. 29.)

[4] Sentence four states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B); *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991)

("Eligibility for an award of fees under the EAJA requires: (1) that the claimant be a 'prevailing party'; (2) that the government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement.").

Under the EAJA, a "final judgment" is one that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, in sentence four remand cases, the thirty-day filing period "begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991).

## III. DISCUSSION

As noted above, the Commissioner opposes Rebel's petition for EAJA attorney fees on several grounds, including timeliness, the scope of compensable work, and the reasonableness of the requested fees. Although the court recognizes that several of the Commissioner's arguments may have merit, it need not address each one individually because the court concludes that the petition is untimely.

In reaching this conclusion, the court acknowledges a wrinkle in the procedural handling of this case. The court's order, finding Rebel disabled and remanding the case to the Commissioner for an award of benefits, was a final judgment under sentence four of 42 U.S.C. § 405(g) and, therefore, should have been accompanied by a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. *Shalala*, 509 U.S. at 302–03 (1993). However, a separate judgment was not entered in this case. That said, Rule 58 provides that, where a separate judgment is required but not entered, judgment is deemed entered 150 days after entry

4

in the civil docket, accounting for situations in which a court or clerk fails to comply with the separate-document requirement.  Fed. R. Civ. P. 58(c)(2); *id.*, advisory committee note to 2002 amendments (explaining that the amendment adding the 150-day cap is "designed to work in conjunction with Appellate Rule 4(a) to ensure that appeal time does not linger on indefinitely" and accounts for "cases in which court and clerk fail to comply" with the separate-document requirement); *see also* Fed. R. App. P. 4, advisory committee note to 2002 amendments (explaining that the 150-day "cap will ensure that parties will not be given forever to appeal (or to bring a post-judgment motion) when a court fails to set forth a judgment or order on a separate document in violation of Fed. R. Civ. P. 58 (a)(1)").  Because the court did not enter judgment in a separate document, the 150-day clause must be applied to determine the timeliness of Rebel's EAJA attorney fees petition.  *See, e.g., Baez v. Comm'r of Soc. Sec.*, 760 Fed. App'x. 851, 853–55 (11th Cir. 2019) (holding that, where no separate Rule 58 judgment was entered, final judgment was deemed entered 150 days after the district court's remand order); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203–04 (S.D. Fla. 2018) (same); *see also Maryland v. Peng*, No. 25-1931, 2025 WL 3707786, at *1 (4th Cir. Dec. 22, 2025) ("Because the court did not enter its judgment on a separate document, the judgment is deemed entered 150 days later[.]").

The clerk entered the district court's remand order on December 14, 2023.  (Dkt. No. 21.) Therefore, final judgment was entered May 13, 2024, 150 days after December 14, 2023.[5]  As noted above, "[t]he 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."  *Melkonyan*, 501 U.S. at 96.  Because a United States officer was a party to this action, the Commissioner had 60 days to appeal after entry of judgment.  Fed. R. App. P.

---

[5] Under Rule 6 of the Federal Rules of Civil Procedure, unless otherwise provided, when computing time, "if the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).  Because 150 days from December 14, 2023, fell on a Sunday, the final judgment was deemed entered on Monday, May 13, 2024.

4(a)(1)(B).  He failed to do so, and therefore judgment became final and no longer appealable on July 12, 2024.  Thus, Rebel's EAJA attorney fees petition was due 30 days later on August 12, 2024.[6]  Rebel waited 102 days thereafter to file her motion for attorney fees.  Therefore, the motion was untimely and will be denied.[7]

### IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Rebel R.'s motion for attorney fees (Dkt. No. 22) is DENIED.

The Clerk is DIRECTED to provide copies of this memorandum opinion and order to all counsel of record.

Entered: May 27, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[6]  Because 30 days from July 12, 2024, fell on a Sunday, the EAJA petition was due on Monday, August 12, 2024.

[7]  The court recognizes that EAJA's 30-day deadline and filing requirements are not jurisdictional. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (Section 2412(d)(1)(B)'s "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'").  Accordingly, a late filing is not automatically barred if equitable tolling applies.  *See, e.g.*, *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 603 n.2 (9th Cir. 2007) ("We note that the district court correctly held that it had subject matter jurisdiction over Van's fee application, even if it was untimely filed."); *Cruz*, 347 F. Supp. 3d at 1206 (holding same).  However, Rebel has not filed a reply brief, and the court acknowledges the Commissioner's argument that "Pollack has not alleged any extenuating circumstances that would equitably toll the running of the relevant period."  (Dkt. No. 26 at 5.)  Absent any basis for equitable tolling, the court cannot extend the EAJA deadline.  Because the petition was filed after that deadline, the court will deny it as untimely.